LAW OFFICES
# McCABE, WEISBERG & CONWAY, LLC

SUITE 205
10 MIDLAND AVENUE
PORT CHESTER, NY 10573
(914)-636-8900
**GENERAL FAX** (914) 636-8901
**MEDIATION ONLY FAX** (855) 427-1278

Melissa A. Sposato, NY Managing Attorney
NY ID 4098323

SUITE 4N25
1 HUNTINGTON QUADRANGLE
MELVILLE, NY 11747
(631) 812-4084
FAX: (855) 845-2584

November 22, 2024

Judge Nancy Hershey Lord
U.S. Bankruptcy Court
Eastern District of New York
Conrad B. Duberstein U.S. Courthouse
271 Cadman Plaza East, Suite 1595
Brooklyn, New York 11201-1800

Re:        Theodore Leeboo
Case No.   23-43614 -nhl
           Status Report

Dear Judge Nancy Hershey Lord:

      The office of McCabe, Weisberg & Conway, P.C. represents Truist Bank in the instant loss mitigation proceeding. Please allow this letter to serve as a loss mitigation status report. On October 2, 2024, Creditor sent a blank package to the address that was provided at the Court hearing and to the Property address. As of November 21, 2024, I have not received an application from the Debtor. Truist did have a loss mitigation package from the Debtor that was signed in July of 2024.  The July package shows that the Debtor is intending to sell the Property. On October 16, 2024, Truist sent a missing documents letter to the Debtor.  The missing documents letter requested the following documents:

· Mortgage Assistance Application form, signed and dated within 30 days of application.
· 3rd party authorization for Real Estate Agent.
· Listing Agreement.
· Fully Executed Sales Contract signed and dated.
· Preliminary HUD 1/Settlement Statement/Closing Disclosure.
· ARMS Length Affidavits signed by all parties.

On November 20, 2024, I called the Debtor to let him know about the missing documents letter and what documents were needed. I also sent an email to the Debtor with the email address that was provide on the July application with the missing documents letter. I also asked the Debtor what his intentions were with the property because this would determine what my client would be reviewing the Debtor for (i.e. a loan modification, short sale, DIL, etc.).  The Debtor was not able to tell me whether he was going to retain the property or not because he is not on the deed. I informed the Debtor that if he is interested in a loan modification that he would have to make

that known on the application and submit financials along with a new application.  I asked that he get that to our office as soon as possible since this Honorable Court did ask that he complete an application and submit to Truist so that loss mitigation could proceed forward.

       Thank you for your time and attention herein.

                                                                  Very truly yours,

                                        By:     */s/  Melissa DiCerbo*
                                                      Melissa DiCerbo, Esq.
                                                      McCabe, Weisberg & Conway, LLC
                                                      Attorneys for Secured Creditor

Sent via UPSP to the Debtor at the subject property and via email to the Debtor.